# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**WILLIAM FRANKLIN EDENFIELD,**
**# N06821,**

    **Plaintiff,**

vs.                        **Case No. 4:23cv227-WS-MAF**

**LEON COUNTY SHERIFF'S**
**DEPARTMENT, and**
**SHERIFF WALT MCNEAL,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case in late May 2023 by submitting a civil rights complaint, ECF No. 1, and a motion for "law suite," ECF No. 2. Plaintiff did not pay the filing fee or file an in forma pauperis motion. An Order was entered on June 2, 2023, requiring him to do one or the other if he wanted to proceed with this case.[1] ECF No. 4.

---

[1] Plaintiff has filed multiple cases this year and should be well aware of what is required to proceed with a federal lawsuit. *See also* case # 4:23cv82-MW-MAF, filed on February 23, 2023, and case # 4:23cv129-AW-MAF, filed on April 3, 2023.

On July 3rd, Plaintiff submitted a signed prisoner consent form, ECF No. 5, but he did not file a proper in forma pauperis motion because he did not submit a copy of his inmate bank account statement as required. Plaintiff was given additional time in which to comply. ECF No. 6. Plaintiff then filed a "motion to proceed with this case," ECF No. 8, but he still failed to properly demonstrate his financial abilities or provide a copy of his inmate account statement. That motion was denied and Plaintiff was directed once again to either pay the filing fee or submit a proper in forma pauperis motion. ECF No. 9. Notably, Plaintiff submitted a first amended complaint, ECF No. 7, on July 24th. However, a cursory review revealed that Plaintiff had not acknowledged filing any prior cases in this Court. ECF No. 7 at 10. Plaintiff was informed[2] that if he failed to honestly complete the complaint form, a recommendation of dismissal would be made to dismiss this case for abuse of the judicial process.

Plaintiff has now filed a motion for leave to proceed in forma pauperis, ECF No. 11, supported by a financial affidavit, signed Prisoner Consent Form, and printout of his Inmate Statement revealing Plaintiff has

---

[2] Indeed, that was the second time Plaintiff was warned about the necessity of honestly disclosing all cases. See ECF No. 4 at 4-5.

Case No. 4:23cv227-WS-MAF

maintained a zero balance for the past six months and lacks funds to pay the filing fee for this case. ECF No. 11. In light thereof Plaintiff's amended complaint, ECF No. 10, has been reviewed to determine if Plaintiff is otherwise entitled to in forma pauperis status.

Within the complaint, Plaintiff stated that he had not "had any case in federal court . . . dismissed as frivolous, as malicious, for failure to state a claim, or prior to service. ECF No. 10 at 10. That is not true. Additionally, when asked whether Plaintiff had previously filed any other cases challenging his conviction or relating to the conditions of his confinement, Plaintiff answer no. *Id.* at 11. That is not true either.

While Plaintiff was held at the Leon County Jail, Plaintiff William Franklin Edenfield, inmate # 99763, initiated case number 4:08cv331-RH-AK in this Court. That case was dismissed prior to service in July 2009 pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff's complaint failed to state a federal claim. ECF No. 19 of that case.

William F. Edenfield, inmate # 99763, filed another case while detained at the Leon County Jail - case number 4:08cv305-RH-WCS. That case was dismissed prior to service in August 2008 pursuant to 28 U.S.C.

§ 1915(e)(2)(B) because Plaintiff's complaint failed to state a federal claim. ECF No. 14 of that case.

During that same period of time, William F. Edenfield, inmate # 99763, filed a third case while detained at the Leon County Jail - case number 4:08cv403-WS-AK.  That case was dismissed prior to service in January 2009 pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff's complaint failed to state a claim upon which relief could be granted.  ECF No. 8 of that case.

Those three dismissals mean that Plaintiff has "three strikes" under 28 U.S.C. § 1915 which should have been disclosed to this Court.  Plaintiff did not do so, even after being warned of the necessity of honestly disclosing his prior litigation.

Furthermore, those "three strikes" mean that Plaintiff is not entitled to proceed with in forma pauperis status unless Plaintiff presents allegations showing he "is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Plaintiff's allegations have been reviewed in this case, and he does not claim imminent danger.  ECF No. 10.  Instead, Plaintiff complains about an altercation he had with his brother in February 2021, resulting in Plaintiff being shot with a pistol.  *Id.* at 5-6.  He complains that

he called the Leon County Sheriff's Department for assistance, but they never responded to his telephone calls. ECF No. 10 at 6-7. Those facts do not demonstrate that Plaintiff faces imminent danger and, thus, Plaintiff's motion for in forma pauperis status, ECF No. 11, must be denied.

In light thereof, Plaintiff's motion requesting that this case proceed, ECF No. 12, should be denied. If Plaintiff seeks to litigate his claim, he must initiate a new case and must simultaneously pay the full amount of the filing fee at the same time he submits his complaint. *See* <u>Dupree v. Palmer</u>, 284 F.3d 1234 (11th Cir. 2002).

Finally, Plaintiff also submitted a "motion of leave for the cases listed above." ECF No. 13. He is requesting that this case, and case number 4:23cv129-AW-MAF, be permitted to proceed and for the Sheriff's Department to release the evidence he needs. *Id.* Because Plaintiff's in forma pauperis motion should be denied, this case cannot proceed and this motion, ECF No. 13, must also be denied.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 11, be **DENIED**, and this action be **DISMISSED without prejudice** because

Plaintiff has not demonstrated that he meets the imminent danger exception of 28 U.S.C. § 1915(g). It is further **RECOMMENDED** that all other pending motions be **DENIED**, and the Clerk of Court be directed to enter on the docket that this case was dismissed pursuant to § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on September 26, 2023.

S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:23cv227-WS-MAF